UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BARBARA ROJAS
    Reg. No. 14438-104,
    Petitioner,

vs.                                            Case No. 5:22-cv-117-TKW/MJF

WARDEN, F.C.I. MARIANNA,
    Respondent.
                                         /

## REPORT AND RECOMMENDATION

This case is before the Court on Petitioner Barbara Rojas' petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Petitioner alleges the Federal Bureau of Prisons (BOP) improperly denied her sentencing credit for 355 days of time served as well as for credit earned under the First Step Act (FSA), and she seeks an order compelling the BOP to cease requiring her to have served 50% of her sentence to qualify for home confinement under the Coronavirus Aid, Relief and Economic Security (CARES) Act. Respondent has moved to dismiss the petition, claiming Petitioner failed to exhaust her administrative remedies as to her first two claims, and the Court does not have jurisdiction over Petitioner's CARES Act claim. Doc. 9.[1] Petitioner filed a reply, a Notice to the Court, and a Request for Judicial Notice,

---

[1] The identical motion and attachments were re-filed on December 16, 2022 (Doc. 16) and Respondent filed the attachments to supporting affidavits that were missing from its original submission on December 9, 2022, in response to this Court's order. *See* Docs. 17, 18.

which the undersigned has reviewed. Docs. 11, 12, 14. For the reasons discussed below, the undersigned concludes that the petition should be dismissed.

## I. Background

Petitioner was convicted in the United States District Court for the Southern District of Florida of conspiracy to commit wire fraud affecting a financial institution, wire fraud and bank fraud in violation of 18 U.S.C. §§ 1343, 1344 and 1349. Doc. 9-3 at 2. On April 17, 2018 she was sentenced to a term of 114 months' imprisonment followed by five years of supervised release. *Id.* Petitioner was incarcerated at the Federal Correctional Institution in Marianna, Florida when she filed her petition. *See* Doc. 1 at 23. The BOP website reflects her current custodian as RRM Miami, Residential Reentry Office, although the address Petitioner provided to the Court appears to be a residential apartment complex. Doc. 8. The BOP website reflects Petitioner's projected release date is May 12, 2026. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results. When she filed her petition, her projected release date was May 12, 2027 (Doc. 9-6 at 1-3; Doc. 9-7 at 1) but the BOP has since applied 365 days of FSA credit to her sentence computation. *See* Doc. 12; Doc. 14 at 2.

Petitioner raises three grounds for relief in her petition. First, she claims the BOP has failed to properly credit her for "time served" and good time credit totaling 409 days. Doc. 1 at 7, 9-12. Second, she claims the BOP has improperly withheld

in excess of 350 days of sentencing credit to which she is entitled under the FSA, despite the award of 365 days since she filed her petition. *Id.* at 7, 13-16; Doc. 12. Third, Petitioner seeks an order compelling the BOP to allow her to qualify for home confinement under the CARES Act without having served 50 percent of her sentence, a claim she asserts would be moot if she received the credits to which she is entitled under the first two grounds. *Id.* at 7, 17-22. It appears from Petitioner's November 2, 2022 Notice to the Court, Ground Three of her petition may have been rendered moot. Doc. 12 at 1 (advising the Court that Grounds 1 and 2 of Petitioner's § 2241 Motion for Habeas Corpus remain unresolved despite the award of 365 days of FSA credits).

## II. Discussion

### A. Exhaustion is required before filing a § 2241 petition.

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert. *Id.* To properly exhaust administrative remedies, "a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562 (11th Cir. 2016).

The BOP has the exclusive authority to compute sentence credit awards after sentencing. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). An inmate "must

typically exhaust his or her administrative remedies with the BOP" before filing a § 2241 petition involving the computation of sentence credits. *Id*. Although the exhaustion requirement is not jurisdictional, it is a requirement. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. An inmate seeking to challenge the computation of sentence credits must avail herself of the BOP's administrative remedy procedure before filing a § 2241 petition. *See Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies).

The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting her complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First,

the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. If the inmate is dissatisfied with the warden's response to the grievance, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty days of the warden's response to the grievance. *Id*. Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020).

The BOP uses a computerized system known as SENTRY to log and track

inmate grievances as they progress through the administrative remedy process. *See* Doc. 9-1 at ¶3, ¶9. Each filing received is logged into SENTRY. *Id.* at ¶9. Remedies filed at the institutional level are given an identifying number and the appendage "- F." *Id.* at ¶ 6. Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) *Id.* Ordinarily, if a remedy is rejected at any level it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejections. *Id.* (citing 28 C.F.R. § 542.17(b)).

Adjudicating a motion to dismiss for failure to exhaust involves two steps. *Blevins,* 819 F. App'x at 856 (*citing Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). First, the Court "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner*, 541 F. 3d at 1082 (citation omitted). In those cases where the case is not subject to dismissal at step one, the Court proceeds to step two. Step two requires the Court "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*.

### B. Petitioner failed to exhaust her administrative remedies concerning credit for "time served."

Petitioner was placed on home confinement from April 17, 2018, the date of her sentencing, through her commitment dates of April 8, 2019, a total of 355 days. Doc. 9-3 at 2. Petitioner contends she should have received credit for this entire period, but instead she only received a single day of credit for the time served. Doc. 1 at 9.

Petitioner submitted a BP-8 to her counselor on April 18, 2022 requesting that this issue be corrected. Doc. 1 at 9. She states that she never received a response to the form, although her counselor informed her on May 17, 2022 that the request had been sent to another department. As of the date Petitioner filed her § 2241, June 6, 2022, she had not received a response. Petitioner argues in her supporting facts that the failure to respond to the BP-8 form constitutes exhaustion of her administrative remedies because nowhere in the process does it state that an inmate who does not receive a response to the informal request must move forward to the next step. In support of her position, she cites a decision from another district court which addressed a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), a statute with significantly different procedural requirements than § 2241.[2] *See United*

---

[2] The *Peterson* court noted:
> [t]he compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, provides two routes to court: (1) to file a motion after fully exhausting administrative appeals of the Bureau of Prisons' ("B.O.P.") decision not

*States v. Peterson*, 2021 WL 63277, at *1 (E.D. Pa. Jan. 6, 2021) (finding petitioner met requirements for exhaustion under 18 U.S.C. § 3582(c)(1)(A)(i) by filing a BP-8 form and receiving no response). Petitioner further contends that she has "appealed to the [Attorney General] on these issues presented to the Court … but … Petitioner has not received any communication from AG's office." Doc. 1 at 10. She also contends that further attempts at exhaustion would be futile. *Id.*

Respondent has moved to dismiss Ground One, contending that Petitioner's efforts were insufficient to satisfy § 2241's exhaustion requirements. In support of its motion, Respondent has submitted the Declarations of Megan Marlow, an Attorney Advisor at FCI Tallahassee (Doc. 9-1) and Deborah Colston, a BOP Correctional Programs Specialist who, since August of 2006, has been assigned to the area of inmate Sentence Computation (Doc. 9-2).

Ms. Marlow states in her declaration that she located three administrative remedies in the SENTRY database filed by Petitioner Rojas. Doc. 9-1 at ¶ 11. None of them related to the issue raised in Ground One of her petition; all addressed the issue of home confinement. *Id.* at ¶ 13; Doc. 18-4. Ms. Colston reached the same conclusion after independently reviewing the SENTRY records. Doc. 9-2 at ¶s 9-

---

to file a motion, or (2) to file a motion after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

*Peterson*, 2021 WL 63277, at *1.

10; *see also* Doc. 18-4.

As the Supreme Court has explained, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Full exhaustion is required. There are three levels to the BOP's administrative remedy process, and "[a]n inmate has not fully exhausted [her] administrative remedies until [she] has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994). Petitioner did not properly complete all levels of the BOP's administrative remedy process as to her claim regarding credit for time previously served and, therefore, this ground should be dismissed for failure to exhaust.[3]

Even if Petitioner had properly exhausted, it does not appear that any credit was due. Ms. Colston asserts Petitioner's sentence was correctly calculated because she is not entitled to any credit off her sentence under the Pretrial Services Act of 1982 (18 U.S.C. § 3152-3154), *Reno v. Koray*, 115 S. Ct. 2021 (1995), and BOP Program Statement 5880.28. Doc. 9-2. at ¶s 11-13; *see also* Doc. 18-1 at 16-17.

---

[3] Petitioner's assertion that further attempts at exhaustion would be futile is not well taken. First, "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." *Perez v. Joseph,* 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022) (quoting *Tankersley v. Fisher*, 2008 WL 4371797, at *3 (N.D. Fla. September 22, 2008)), *report and recommendation adopted*, 2022 WL 2176505 (N.D. Fla. Jun. 15, 2022). The Eleventh Circuit has held that there is no futility exception applicable to the exhaustion requirement in a § 2241 proceeding. *Id.,* (citing *McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012) (rejecting argument that futility exception applicable to exhaustion prior to bringing a § 2254 petition is applicable to exhaustion requirement for a § 2241 petition); *Moore v. Colon*, 2020 WL 5868179, at *4 (S.D. Fla. July 27, 2020), *report and recommendation adopted*, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020) (finding argument that exhaustion would be futile inapplicable to § 2241 cases)).

Time spent under restrictive conditions of release is not official detention under 18 U.S.C. § 3585(b).  Doc. 18-1 at 16-17.

### C. Petitioner failed to fully exhaust her claim regarding FSA credits.

The FSA permits an eligible inmate who successfully completes certain programming to earn time credits to be applied toward time in prerelease custody or supervised release.  18 U.S.C. § 3632(d)(4)(A).  Inmates can earn ten days of time credits for every thirty days of successful participation and eligible inmates can earn an additional five days of time credits for every thirty days of successful participation.  *Id.*  Petitioner claims she is an eligible inmate and she has earned time credits in excess of 365 days that the BOP has failed to apply.  Doc. 1 at 13.  By way of update in her Request for Judicial Notice, Petitioner states that the BOP applied 365 days of FSA credits to her sentence computation, but it is still required to apply the additional 294 days which consist of 172.5 days for 2021 and 121.5 for 2022 for FSA Earned Time Credits.  Doc. 14 at 2.

With respect to exhaustion, Petitioner again contends she submitted the informal BP-8 to her counselor.  She asserts that because, as of the date of the petition, she had not received a response, she has properly exhausted her administrative remedies.  Doc. 1 at 16.

As discussed in the previous section, the Declarations of Ms. Marlow and Ms. Colston confirm Petitioner has not exhausted her administrative remedies as to the

calculation of application of earned time credits pursuant to the FSA. Doc. 9-1 at ¶ 14; Doc. 9-2 at ¶ 9; Doc. 18-4. Because Petitioner did not fully exhaust the administrative remedy process, this ground should also be dismissed.

Even if Petitioner had properly exhausted her administrative remedies, Respondent contends she would not be entitled to relief. She is not eligible to apply earned time credits toward prerelease custody because she has not earned time credits in an amount that is equal to the remainder of her imposed term of imprisonment, so she does not meet the criteria set forth in 18 U.S.C. § 523.44(b). Doc. 9 at 11. Additionally, Respondent asserts that an automated program is being designed by the BOP to calculate an inmate's earned time credits as the inmate completes programming. *Id.* The undersigned takes judicial notice that a submission in another pending § 2241 reflects that full automation is expected to begin on January 1, 2023. *See* Case No. 5:22cv99/TKW/MAL, Doc. 16 at 5 (Inmate Message regarding First Step Act Time Credits Calculation). Until that time, according to Respondent, only inmates within 24 months of their release dates are being prioritized for calculation. Doc. 9 at 11. Petitioner's current projected release date, May 12, 2026, remains outside of the current 24-month review/calculation window. *Id.* Presumably, she will be eligible for review when she is within twenty-four months of her release date of when the automated program is put into effect.

### D. Petitioner exhausted her administrative remedies as to her CARES Act claim, but the Court lacks jurisdiction to grant the requested relief

In response to the COVID-19 outbreak and as part of the CARES Act, Congress expanded the BOP's home confinement authority. The relevant section of the CARES Act provides:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act, § 12003(b)(2), Pub. L. No. 116-136.

On April 3, 2020, Attorney General William Barr issued a memorandum making the requisite finding and instructed the Director of BOP to identify vulnerable inmates for transfer to home confinement, based on a previously provided non-exhaustive list of discretionary factors. Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), https://www.justice.gov/file/1266661/download; *United States v. Young*, 2020 WL 4678408 (S.D. Ala. Aug. 12, 2020).

In assessing which inmates should be granted home confinement under the directive, institutions are to consider the totality of circumstances for each individual inmate, the statutory requirements for home confinement, and the following factors

to ensure inmates are suitable for home confinement under the CARES Act:

• Reviewing the inmate's institutional discipline history for the last twelve months (Inmates who have received a 300 or 400 series incident report in the past twelve months may be referred for placement on home confinement, if in the Warden's judgment such placement does not create an undue risk to the community);
• Ensuring the inmate has a verifiable release plan;
• Verifying the inmate's current or prior offense is not violent, a sex offense, or terrorism-related;
• Confirming the inmate does not have a current detainer;
• Ensuring the inmate is Low or Minimum security;
• Ensuring the inmate has a Low or Minimum PATTERN recidivism risk score;
• Ensuring the inmate has not engaged in violent or gang-related activity while incarcerated (must be reviewed by SIS);
• Reviewing the COVID-19 vulnerability of the inmate, in accordance with CDC guidelines; and
• Confirming the inmate has served 50% or more of their sentence; or has 18 months or less remaining on their sentence and has served 25% or more of their sentence.

*See* https://www.fd.org/sites/default/files/news/2021.4.13_bop_home_confinement_cares_memo.pdf

Petitioner requested, and was denied, home confinement under the CARES Act, and she asserts that she fully exhausted the BOP's four-step administrative grievance process. Doc. 1 at 17. Respondent also concedes Petitioner has fully exhausted the administrative remedy process as to this issue. Doc. 9-1 at ¶ 12; Doc. 9-2 at ¶ 9.

At issue in the instant petition is Petitioner's belief that the BOP did not have the authority to require her to have served 50 percent of her sentence to qualify for home confinement under the CARES Act. Doc. 1 at 22. She claims the BOP has abused its discretion by categorically denying her home confinement and that its actions are arbitrary and capricious. *Id.* at 23.

Petitioner was determined to be ineligible for transfer to home confinement due to the percentage of time served at the time of her request, only 34 percent. Doc. 9-5 at 3. As of the time Respondent filed the motion to dismiss, Petitioner had served 40.6 percent of her statutory term, and respondent represented that Petitioner was "being reviewed by Unit Team for home confinement so that she can be transferred when she meets the 50 percent mark (assuming she continues to meet all factors).

However, Respondent contends that in accordance with the aforementioned factors, Petitioner was neither eligible for transfer to home confinement either at the time she exhausted her administrative remedies, nor is she eligible today, because her percentage of time served is less than 50 percent. *See* ECF No. 13-1 at 3 (reflecting 43.5 percent of statutory term served as of October 17, 2022).

Furthermore, even if Petitioner were eligible for home confinement, there exists no enforceable constitutional right to be transferred to home detention. *See Williams v. Flournoy*, 732 F. App'x 810, 811-812 (11th Cir. 2018) (inmates have no right to be transferred to a particular location of their choosing) (*citing Meachum v. Fano*, 427 U.S. 215, 225 (1976)). The "decision where to house inmates is at the core of prison administrators' expertise." *Flournoy*, 732 F. App'x at 812 (*quoting McKune v. Lile*, 536 U.S. 24, 39 (2002)). It is the BOP that "shall designate the place of the prisoner's confinement." 18 U.S.C. § 3621(b).

Petitioner appears to believe this Court can override the BOP's decision-

making authority. She is mistaken. A "district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (*quoting United States v. Puentes,* 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (*quoting Dillon v. United States*, 560 U.S. 817, 827 (2010)). There is nothing in the language of the CARES Act that provides district courts with the authority to transfer federal prisoners to home confinement. The relevant portion of the statute provides:

> (2) Home confinement authority.-- The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2).

Under the CARES Act, the BOP retains exclusive jurisdiction to decide whether to place a prisoner under extended home confinement. *See United States v. Groover*, 844 F. App'x 185, 188, 189 (11th Cir. 2021) (the CARES Act does not "give the judiciary any authority to grant an inmate's request for home confinement"); *see also United States v. Alvarez*, 2020 WL 2572519, *2 (S.D. Fla. May 21, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *Brown v. Attorney*

*General*, 2020 WL 4582732, *2 (M.D. Fla. Aug. 10, 2020) (same result in order on petition pursuant to § 2241); *United States v. Phillips*, 2020 WL 2219855, *1 (M.D. Fla. May 7, 2020) ("The CARES Act did not remove the exclusive authority of the BOP to designate the place of an inmate's confinement"); *see also* 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."); 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").

Based on the foregoing, the CARES Act does not provide the Court the authority to grant the habeas relief that Petitioner requests pursuant to § 2241. *United States v. Witt*, 43 F. 4th 1188, 1198 fn.6 (11th Cir. Aug. 9, 2022). Because the Court lacks jurisdiction, Ground Three of the petition must also be dismissed.

### III. Conclusion

Petitioner did not exhaust her administrative remedies as to Grounds One and Two of her petition, and the Court lacks jurisdiction to grant the relief requested in Ground Three. Therefore, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's "Motion to Dismiss 28 U.S.C. § 2241 Amended Petition for Failure to Exhaust Administrative Remedies as to Ground One and for Lack of Jurisdiction as to Ground Two" (Doc. 9) be **GRANTED**.

2. The petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED**.

3. The Clerk of Court be directed to close the file.

At Gainesville, Florida, on December 19, 2022.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

**This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(B);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**